954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald OTT; Plaintiff,
Robert Troll Lynch, Attorney-Appellant,
v.
Roberta MANCINI, Defendant-Appellee.
 No. 91-3437.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Troll Lynch, an Ohio attorney, appeals the district court order assessing sanctions against him pursuant to Fed.R.Civ.P. 11 for filing a civil rights action after the expiration of the statute of limitations. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have also waived oral argument.
 
 
 2
 Lynch filed a complaint on April 5, 1990, against his client's ex-wife, alleging that she had conspired with state domestic relations court employees in denying the plaintiff visitation rights with his daughters in violation of 42 U.S.C. §§ 1983 and 1985. Several pendent state claims were also asserted, and injunctive and monetary relief was requested. Defendant filed a motion to dismiss and for sanctions, alleging that the statute of limitations had expired, as the last state court judgment regarding visitation had been entered on May 5, 1987. Appellant responded that the denial of visitation was a continuing violation of his client's rights. The district court dismissed the action and assessed sanctions against the appellant. Lynch then filed a motion to alter or amend judgment, asserting an action by the defendant within the limitations period, when the defendant enlisted the assistance of the police to prevent the plaintiff from visiting his daughters in January 1989. The motion was denied, and sanctions of $750 were awarded to the defendant. Appellant did not avail himself of an opportunity to object to the award on financial grounds, but rather appealed, arguing that the district court abused its discretion in assessing sanctions because his arguments concerning a continuing violation and an act within the limitations period were reasonable.
 
 
 3
 Upon review, it is concluded that the district court did not abuse its discretion in assessing sanctions. See Davis v. Crush, 862 F.2d 84, 90 (6th Cir.1988). Plaintiff's allegation of a continuing violation was meritless, as the denial of visitation in 1984 and the final state court judgment in 1987 were events which would have alerted the average lay person to protect his rights. See Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir.1989). Moreover, the attempt to raise the claim in a post-judgment motion of an entirely different conspiracy with different state actors that fell within the limitations period does not explain appellant's failure to research the legal issues before filing the complaint. See McGhee v. Sanilac County, 934 F.2d 89, 93 (6th Cir.1991). Appellant clearly did not comply with the reasonable inquiry requirement of Rule 11. Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.